# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PATRICK J IVES,

    Petitioner,

v.

SUQUAMISH TRIBE,

    Respondent.

CASE NO. 3:19-CV-05773-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

The District Court has referred this action to United States Magistrate Judge David W. Christel. On August 20, 2019, Petitioner Patrick J. Ives, a pre-trial detainee housed at Kitsap County Jail, filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. After filing the proposed Petition, Petitioner paid the filing fee. *See* Docket. The Court has now reviewed the Petition and finds the Petition is unexhausted and improperly challenges conditions of confinement. Further, it is inappropriate for the Court to intervene in this case. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by November 15, 2019.

ORDER TO SHOW CAUSE OR AMEND - 1

## I. Background

In the Petition, Petitioner contends his First, Fourth, Eighth, and Fourteenth Amendment rights were violated related to his arrest and pending state criminal proceedings. Dkt. 3; *see also* Dkt. 4.

## II. Discussion

### A. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

B. *Younger* Abstention

Petitioner's case may also be inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. It is, however, unclear if Petitioner is raising claims that would effectively enjoin the ongoing state judicial proceeding. For example, Petitioner appears to allege his bail is excessive in violation of the Eighth Amendment, which may not require the federal court to abstain from hearing this case. *See* Dkt. 3, 4; *Arevalo*, 882 F.3d at 766 (finding *Younger* abstention not appropriate where the issues raised challenged a bail

hearing). As the *Younger* abstention may apply to Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

### C. Conditions of Confinement

In the Petition, Petitioner details his arrest details and current incarceration. Dkt. 3. Petitioner alleges the police used excessive force and violated his First Amendment rights during the arrest, but he also alleges he is being held on an excessive bail. *See* Dkt. 3, 4. Petitioner does not clearly state the relief he is seeking.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, Plaintiff filed a habeas petition under § 2241, wherein he challenges both his physical confinement and the conditions of confinement. Petitioner cannot challenge his physical confinement and his conditions in confinement in the same lawsuit. If Petitioner is attempting to challenge the conditions of his confinement, Petitioner must file a civil rights action under 42 U.S.C. § 1983 to raise these claims. *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

### III. Instructions to Petitioner and the Clerk

If Plaintiff intends to pursue this § 2241 habeas action, he must file response to this Order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by

reference. The amended petition will act as a complete substitute for the Petition and Petition, and not as a supplement. The amended petition shall not contain any challenges to Petitioner's conditions of confinement.

The Court notes the proper respondent is the person who has custody over Petitioner. *See* 28 U.S.C. § 2242. If Petitioner files an amended petition, he must ensure the Petition names the correct respondent.

If Petitioner fails to adequately address the issues raised herein or file an amended pleading on or before November 15, 2019, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and forms for filing a civil rights complaint.

Dated this 16th day of October, 2019.

David W. Christel
United States Magistrate Judge